REICH REICH & REICH, P.C.
Attorneys for Debtor
235 Main Street, Suite 450
White Plains, New York 10601
(914) 949-2126
By: Jeffrey A. Reich
jreich@reichpc.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

    ARS REI USA CORP,
    d/b/a UNOde50,

                                 Debtor.
-----------------------------------------------------------X

Chapter 11
Case No. 20-11937(MG)

### DEBTOR'S MOTION FOR THE ENTRY OF AN ORDER: (A) SCHEDULING AN EXPEDITED HEARING ON AND SHORTENING THE NOTICE PERIOD FOR THE FIRST DAY MOTIONS FILED BY THE DEBTOR; AND (B) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

ARS REI USA Corp. (the "Debtor"), by its proposed counsel, Reich, Reich & Reich, P.C. ("the Reich Firm") respectfully states the following in support of this motion (the "Motion"):

### Relief Requested

1.    The Debtor seeks entry of an order (the "Order"): (i) scheduling an expedited hearing on and shortening the notice period for the first day motions filed by the Debtor (as listed below, collectively, the "First Day Motions"); (ii) considering entry of orders for relief on shortened and limited notice thereof to certain creditors and parties in interest; and (iii) approving the form and manner of notice thereof.

1

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012. The Debtor confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The basis for the relief requested herein is section 105 of the Bankruptcy Code.

**RELEVANT BACKGROUND**

5. The Debtor is in the business of selling handcrafted jewelry manufactured in Madrid, Spain by its parent company ARS REI S.L. exclusively in the United States.

6. At the time of its Chapter 11 bankruptcy filing the Debtor had twenty stores (20) located in cities throughout the United States. It also sells its jewelry inventory on-line through its website.

7. The Debtor's financial difficulties are due to a combination of a loss of revenue resulting from the public health crisis and burdensome commercial lease obligations for certain stores that are not profitable and from which continued operations are no longer viable. By filing for Chapter 11 and rejecting certain of the commercial real property leases that it is a party to, the Debtor will be able to reorganize its financial affairs in an orderly manner and to pay its debts in accordance with the provisions of the Bankruptcy Code.

8. On the date hereof, the Debtor filed a voluntary petition for relief under the Bankruptcy Code. The Debtor is operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this chapter 11 case and no official committees have been appointed or designated.

9. The Debtor, by the Reich Firm, have filed the following First Day Motions on the following matters:

    (a) Expedited Motion of Debtor for the Entry of an Order: (a) Scheduling an Expedited Hearing on First Day Motions Filed by the Debtor; and (b) Approving the Form and Manner of Notice thereof (the "Expedited Hearing Motion");

    (b) Debtor's Motion for Interim and Final Orders: (I) Authorizing Continued Use of Existing Cash Management Practices, Bank Accounts, and Business Forms; and (II) Authorizing the Continuance of Intercompany Transactions; and

    (c) Debtor's Motion For Entry Of Interim And Final Orders Authorizing The Debtor to: (I) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses; and (II) Continue Employee Benefits Programs.

## Relief Requested

10. As described in detail in each of the First Day Motions and the First Day Declaration of Jason McNary, the relief requested in the First Day Motions is essential to maintaining the viability of the Debtor's business and allowing the Debtor to maximize the value of its estate. Accordingly, the Debtor believes that the First Day Motions involve matters that require an expedited, emergency hearing and shortened notice periods and request that the Court conduct such hearing on August 21, 2020 at 11:00 a.m. (EDT) before the Honorable Martin Glenn at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York.

11. In addition, the Debtor shall provide notice of the filing of the First Day Motions and the expedited hearing thereon to those individuals and entities described in Paragraph 13 of this Motion. The Debtor requests that the service of notice on the parties stated below in the form and manner provided in the proposed order be deemed adequate and appropriate under the circumstances and in full compliance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Bankruptcy Rules of this Court.

### Motion Practice

12. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtor submits that this Motion satisfies Local Rule 9013-1(a).

### Notice

13. The Debtor will provide notice of this Motion via e-mail and/or overnight delivery to the following parties and/or their respective counsel, as applicable: (a) the Office of the United States Trustee for the Southern District of New York; (b) the holders of the 20 largest unsecured claims against the Debtor; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.

### No Prior Request

14. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court: (a) enter an Order substantially in the form attached hereto as Exhibit A: (i) approving an expedited hearing on and shortening the notice period for the First Day Motions, with an expedited hearing to be held on

August 21, 2020 at 11:00 a.m. (EDT) before the Honorable Martin Glenn at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York; (ii) finding that service of the notice of filing of the First Day Motions and the expedited hearing thereon on the parties and in the manner set forth herein shall be sufficient and adequate notice under the circumstances and in full compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules of this Court, and (b) grant such other and further relief as this Court deems appropriate.

Dated:  August 21, 2020
       White Plains, New York

                                      Reich, Reich & Reich, P.C.
                                      Proposed Counsel for the Debtor

                          By: /s/Jeffrey A. Reich
                                    Jeffrey A. Reich
                                    235 Main Street, Suite 450
                                    White Plains, New York 10601
                                    (914) 949-2126
                                    jreich@reichpc.com